**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEBRA MCCARTHY, | : | |
| DEVIN MCCARTHY, and | : | CIVIL ACTION |
| OLUWATOMISIN OLASIMBO, | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| -  against  - | : | |
| | : | |
| RAUL JAUREGUI and | : | |
| DANIEL BOYE, Defendants. | : | NO. 3:21-cv-1759 |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANT RAUL JAUREGUI'S OBJECTIONS**
**TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE**
**JUDGE MARTIN C. CARLSON DATED JUNE 2, 2023**

On June 2, 2023, United States Magistrate Judge Martin C. Carlson filed his Report and Recommendation in connection with a Motion to Dismiss which was filed by Defendant Raul Jauregui. Defendant Jauregui objects to the Report and Recommendation filed by Magistrate Judge Carlson for several reasons.

**I.      The Abuse of Process Claim of Ms. McCarthy should be dismissed.**

In count II of the amended complaint, Mrs. Debra McCarthy alleges that the defendants brought an action for defamation in the Court of Common Pleas of Luzerne County against her, as a means to intimidate Ms. Devin McCarthy to drop her Title IX claim against Mr. Boye. Defendant Jauregui moved to dismiss this count against him as to Ms. McCarthy only on the basis that no legal process was ever used or issued against Ms. McCarthy in the Common Pleas action. Citing *Hart v. O'Malley*, 544 Pa. 315, 676 A.2d 222 (1996), plaintiffs assert that *Hart* supports the proposition that non-parties to a suit may sue for abuse of process. Defendant Jauregui submits that the plaintiffs are incorrect in connection with this contention and count II should be dismissed as to Jauregui.

The *Hart* decision is not an abuse of process decision, but rather considers a claim of wrongful use of civil proceedings pursuant to 42 Pa. C.S.A. §8351, *et seq*. More importantly, the Pennsylvania Supreme Court determined that a malicious prosecution claim could be asserted by a non-party on the basis that the action related to an injunction that would have operated directly upon the party bringing the malicious prosecution action. Indeed the Court stated that the general rule is that a non-party may not proceed with such an action. No such special circumstances such as an injunction which directly affected the plaintiff in *Hart* are alleged in the amended complaint present before this Court. As a non-party, Ms. McCarthy is not entitled to proceed with her abuse of process claim in count II. The circumstances of the present action simply do not invoke the special circumstances creating the limited exception for non-parties such as Ms. McCarthy. Accordingly, count II should be dismissed with respect to Ms. Devin McCarthy's claim for abuse of process.

## II.     Title IX proceedings are not legal process.

Magistrate Carlson takes the position that a Title IX proceeding can constitute legal process to support an abuse of process claim. Defendant Jauregui submits that the Report and Recommendation is incorrect in concluding that a Title IX proceeding constitutes legal process.

Magistrate Carlson cited the case of *Rosen v. Am. Bank of Rolla*, 426 Pa. Super 376, 381 627 A.2d 190, 192 (1991) (1993) in which the Court stated as follows:

> The word "process" as used in the tort of abuse of process has "been interpreted broadly and encompasses the entire range of procedures incident to the litigation process."

Defendant Jauregui submits that the *Rosen* case was addressing specifically the litigation process for civil actions filed in courts of law. Nowhere in the *Rosen* case does that case state that a Title IX proceeding or any other *quasi* judicial proceeding constitutes legal process. The *Rosen* case

specifically deals with the litigation process in connection with a civil action filed in a court of law. Accordingly, Defendant Jauregui submits that the very legal basis of the Report and Recommendation when declaring that a Title IX proceeding is legal process is incorrect.

Magistrate Carlson refers to disciplinary proceedings as expressly authorized by Federal Regulations, 34 C.F.R. §106.4145, promulgated pursuant to Title IX's statutory command. Despite the detailed requirements now imposed in 34 C.F.R. § 106.45, the new regulations do not provide in any manner a way for the educational institution, the complainant or respondent to invoke legal process that could compel witnesses to appear, or the parties or others to make available or produce relevant documents, which are the hallmarks of legal process.  While the proceedings are now required to have more formal procedures in place, the regulations do not include the ability of any interested party to compel witnesses' testimony or to compel a person to appear or to produce documents or other tangible things.  No subpoena power is afforded in the new Title IX regulations.  While the proceedings may be more formal, they still do not constitute legal process.

In addition, the cases relied upon by plaintiffs, in particular, *Khan v. Yale Univ.*, 511 F. Supp.3d 213 (D. Conn. 2021), and *Overall v. University of Pennsylvania*, 412 F.3d 492 (3d Cir. 2005), both consider whether Title IX proceedings are quasi-judicial in the context of whether statements made in those proceedings are immune from a defamation suit.  *Khan* found that Title IX proceedings were quasi-judicial for application of the privilege afforded to statements made in judicial and quasi-judicial proceedings.  *Overall* determined that a private, internal employment grievance proceeding was not quasi-judicial, and the privilege relating to defamation did not apply.  However, neither case stood for the proposition that a Title IX proceeding amounts to legal process.  In this instance, context is everything.  Whether immunity

from a defamation suit is available is quite a different question from whether Title IX proceedings constitute legal process.  The change in the regulations do not change the context of the cases decided prior to the change.

The plaintiffs have not pointed this Honorable Court to any case law which revises what constitutes legal process after the changes to Title IX proceedings were instituted. Accordingly, the existing case law prior to the changes to Title IX proceedings is still good case law regarding what constitutes legal process. In conclusion, Title IX proceedings do not constitute legal process. Counts III and IV should be dismissed.

### III.    Intentional Infliction of Emotional Distress

The law of intentional infliction of emotional distress is thoroughly stated in Mr. Jauregui's opening brief.  Mr. Jauregui had no direct contact with Ms. McCarthy, and none is alleged.  Certainly any lawsuit can be emotionally charged.  However, to subject counsel to a claim for intentional infliction of emotional distress for stating his client's position is simply not what the tort envisions. If that were the case, attorneys could be subject to this tort in all kinds of cases where horrendous activity is alleged against their clients. The tort was never meant to apply to attorneys representing their client's interests. For these reasons and those stated in Mr. Jauregui's opening brief, this claim does not have a legal basis and should be dismissed.

### IV.    Conclusion

Ms. Devin McCarthy has not stated a claim for abuse of process in Count II and she should be dismissed from that count.

Counts III and IV should be dismissed because Title IX proceedings do not constitute legal process.

Count V should be dismissed on the basis that an attorney should not be subject to the tort of intentional infliction of emotional distress when an attorney states allegations in support of his client's position.

> _/s/Eugene J. Maginnis, Jr._
> Eugene J. Maginnis, Jr., Esquire
> Attorney I.D. No. 23692
> Counsel for the Defendant, Raul Jauregui
> DUGAN, BRINKMANN, MAGINNIS AND PACE
> 9 Presidential Boulevard, Suite 100
> Bala Cynwyd, PA 19004
> Telephone:  (215) 563-3500
> Facsimile: (215) 563-5610
> Email:  ejmaginnis@dbmplaw.com

Date:  June 14, 2023

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEBRA MCCARTHY, | : | |
| DEVIN MCCARTHY, and | : | CIVIL ACTION |
| OLUWATOMISIN OLASIMBO, | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| -   against   - | : | |
| | : | |
| RAUL JAUREGUI and | : | |
| DANIEL BOYE, Defendants. | : | NO. 3:21-cv-1759 |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Eugene J. Maginnis, Jr., Esquire, do hereby certify that a copy of the foregoing Brief

was served upon all counsel of record and the following individuals by electronic mail on this

14th day of June, 2023 as follows:

Barry H. Dyller, Esq.
barry.dyller@dyllerlawfirm.com
DYLLER & SOLOMON
88 North Franklin Street
Wilkes-Barre, PA 18701
Attorney for Plaintiffs

Ryan W. Anderson, Esquire
ryan@randersonesq.com
515 Abington Avenue
Glenside, PA 19038
Attorney for Defendant, Daniel Boye

United States Magistrate Judge Martin C. Carlson
magistrate_judge_carlson@pamd.uscourts.gov
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

*/s/Eugene J. Maginnis, Jr.*
Eugene J. Maginnis, Jr., Esquire
Attorney I.D. No. 23692
Counsel for the Defendant, Raul Jauregui
DUGAN, BRINKMANN, MAGINNIS AND PACE
9 Presidential Boulevard, Suite 100
Bala Cynwyd, PA 19004
Telephone:  (215) 563-3500
Facsimile: (215) 563-5610
Email:  ejmaginnis@dbmplaw.com

Harry T. Coleman, Esquire
Law Office of Harry Coleman
41 North Main Street, Suite 316
Carbondale, PA 18407
Email: Harry@HarryColemanLaw.Com

Attorneys for Defendant, Raul Jauregui