UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA MCCARTHY, | : | |
| DEVIN MCCARTHY, and | : | CIVIL ACTION |
| OLUWATOMISIN OLASIMBO, | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| - against - | : | |
| | : | |
| RAUL JAUREGUI and | : | |
| DANIEL BOYE,   Defendants. | : | NO. 3:21-cv-1759 |
| | : | |

**REPLY BRIEF OF RAUL JAUREGUI TO PLAINTIFFS' BRIEF IN OPPOSITION TO THE OBJECTIONS OF DEFENDANT RAUL JAUREGUI TO THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE MARTIN C. CARLSON DATED JUNE 2, 2023**

Initially, counsel for Jauregui in this particular case objects to the plaintiffs continually raising issues which relate to other civil actions into this specific civil action. This instant case is being litigated before this Honorable Court relating to very specific legal issues in this case. With respect to the legal issues pending before this Honorable Court, the other civil actions continually mentioned by the plaintiffs in their briefings have nothing to do with this case. Counsel for defendant Jauregui respectfully submits that the plaintiffs should stop referring to the other civil actions in this case. It is not appropriate.

With respect to Count II of the complaint, counsel for the plaintiffs states that defendant Jauregui did not raise the issue of dismissing Count II as to Devin McCarthy in his original motion to dismiss. Counsel would refer this Honorable Court to page 6 of the brief in the original motion to dismiss which discusses why Count II as to Ms. McCarthy should be dismissed. Additionally, the reply memorandum of Defendant Raul Jauregui on page 1 discussed why the abuse of process claim of Ms. McCarthy in Count II should be dismissed. Accordingly, the issue with respect to Count II was raised and briefed in the original motion to dismiss and the reply

brief of Defendant Jauregui.

The main reason why Defendant Jauregui is filing this reply brief relates to the issue of whether or not a Title IX proceeding constitutes quasi-judicial process and therefore is subject to the state tort of abuse of process. Defendant Jauregui respectfully submits that the Honorable Magistrate was incorrect when he ruled that a Title IX proceeding can constitute legal process to state a claim for an abuse of process claim. Recent case law officially handed down on June 27, 2023 supports the defendant's position that a Title IX proceeding should not be considered quasi-judicial process and specifically undermines the legal arguments submitted by the plaintiffs in all of their briefings.

Initially, the Honorable Magistrate and counsel for the plaintiffs comment that language from various courts which state that Pennsylvania "has interpreted the tort broadly" as support for their position.  However, all of the cases which discuses that the tort of abuse of process be "viewed broadly" involve situations where <u>actual</u> civil actions were filed in <u>actual</u> courts of law. This case is specifically different because we are not dealing with a civil action in a court of law, which would receive all of the protections which are provided in a court of law, and most importantly with respect to a vigorous cross examination of the parties.  The Title IX proceeding really is different in so many ways from a civil action filed in a court of law that it should not be considered to be quasi-judicial.

The plaintiffs have continually made a big deal out of the case of *Kahn v. Yale University,* 511 F. Supp. 313 220 (D. Conn. 2021).  A copy of the recent Kahn opinion which was just handed down on June 27, 2023 is attached as Exhibit "A".  As support for their position, Plaintiffs have continually cited the *Kahn* case in all of their briefs. Plaintiffs' legal contentions based on *Kahn* have completely collapsed based on the recent court opinion which was just

2

handed down. The Second Circuit Court of Appeals requested that the Supreme Court of Connecticut comment on whether a college disciplinary hearing should be considered to be quasi-judicial for purposes of immunity consideration. The Connecticut State Supreme has now ruled that proceedings brought by a college such as Yale University for a disciplinary proceeding in a sexual assault matter are not quasi-judicial for purposes of immunity consideration.  In the *Kahn* case, the University-Wide Committee on Sexual Misconduct (UWC) of the main defendant, Yale University, conducted proceedings with respect to alleged sexual misconduct. The Connecticut Supreme Court has decided as follows with respect to whether the hearing was quasi-judicial:

> "At the same time, however, we must recognize a competing public policy that those accused of crimes, especially as serious a crime as sexual assault, are entitled to fundamental fairness before being labeled sexual predator.  Statements made in sexual misconduct disciplinary proceedings that are offered and accepted without adequate procedural safeguards carry too great a risk of unfair or unreliable outcomes.  There is no benefit to society or the administration of fair and impartial disciplinary hearings in grating absolute immunity to those who make intentionally false and malicious accusations of sexual assault.  Those accused of sexual assault in the higher education context often face life altering and stigmatizing consequences, including suspension or expulsion, criminal referrals, lack or revocation of employment offers, loss of future academic opportunity, and deportation.  In the face of these consequences, we must acknowledge that the accused's right to fundamental fairness is no less important that the right of the accuser or the larger community to achieve justice.  Disciplinary proceedings that lack fundamental procedural safeguards "do not adequately protect a critical public policy undergirding the doctrine of absolute immunity- to encourage robust participation and candor in judicial and quasi-judicial proceedings while providing some deterrent against malicious "falsehoods". *Priore v. Haig*, 344 Conn. 636, 651, 280 A.3d 402 (2022).
>
> To balance and protect both of the aforementioned interests, we must clarify when a proceeding is quasi-judicial for the purpose of affording proceeding participants absolute immunity.  As we explain hereinafter, we recognize a proceeding as quasi-judicial

only when the proceeding at issue is specifically authorized by law, applies law to fact in an adjudicatory manner, contains adequate procedural safeguards, and is supported by a public policy encouraging absolute immunity for proceeding participants. In short, we accept the Second Circuit's invitation to clarify the scope of Connecticut's absolute immunity doctrine and conclude that the UWC proceeding did not meet the conditions necessary to be considered quasi-judicial.  Consequently, Doe is not entitled to absolute immunity". Pages 2, 3 of Opinion attached as Exhibit "A".

The court opinion goes onto discuss in great detail the reasons why Yale University's disciplinary proceedings relating to a sexual assault should not be considered to be quasi-judicial. Upon reviewing this new opinion, one can easily note all of the reasons why the Connecticut Supreme Court ruled that college disciplinary proceedings should not be considered to be quasi-judicial. This new opinion accurately sets forth the important differences between a college disciplinary hearing or a Title IX proceeding and what occurs in an actual court of law, and most importantly, the ability for the parties to undergo a vigorous cross-examination. For all of the reasons cited in this new and comprehensive opinion, Title IX proceedings should not be considered quasi-judicial. Defendant Jauregui requests this Honorable Court to so rule and dismiss Counts III and IV of the Amended Complaint.

Defendant Jauregui also submits that Count II should be dismissed as to plaintiff Devin McCarthy.

>  /s/Eugene J. Maginnis, Jr.
>  Eugene J. Maginnis, Jr., Esquire
>  Attorney I.D. No. 23692
>  Counsel for the Defendant, Raul Jauregui
>  DUGAN, BRINKMANN, MAGINNIS AND PACE
>  9 Presidential Boulevard, Suite 100
>  Bala Cynwyd, PA 19004
>  Telephone:  (215) 563-3500
>  Facsimile: (215) 563-5610
>  Email:  ejmaginnis@dbmplaw.com

Date:  June 29, 2023