UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA MCCARTHY,<br>DEVIN MCCARTHY, and<br>OLUWATOMISIN OLASIMBO, | : : : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| - against - | : | |
| | : | JURY TRIAL DEMANDED |
| RAUL JAUREGUI and<br>DANIEL BOYE, | : : | |
| | : | No. 3:21-cv-1759 |
| Defendants. | : | |

PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO THE OBJECTIONS OF DEFENDANT RAUL JAUREGUI TO
REPORT AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE MARTIN C. CARLSON DATED JUNE 2, 2023

Consistent with this Court's February 6, 2024 Order (Doc. 49),
plaintiffs respectfully submit this supplemental brief in opposition to
defendant Jauregui's objections to the June 2, 2023 Report and
Recommendation of Magistrate Judge Martin C. Carlson.

The Court's Order permits briefing on applicability of the Connecticut
Supreme Court case of *Khan v. Yale University*, 347 Conn. 1, 295 A.3d
855, 2023 WL 4166605 (June 27, 2023). The Order also permits briefing
on Pennsylvania cases addressing abuse of process in a quasi-judicial
proceeding, and the Title IX procedures at King's College.

Khan v. Yale University

The question in the present case and in *Khan v. Yale University*, *supra*, is whether the respective universitys' sexual misconduct proceedings were or were not quasi-judicial.  In *Khan*, the Connecticut Supreme Court held that Yale University's "UWC[1] proceeding cannot properly be recognized as quasi-judicial **because it lacked the adequate procedural safeguards necessary**…."  295 A.3d at 877 (emphasis added).

In the present case, Jauregui suggests that *Khan* controls this case. However, any review of *Khan*, its reasoning, and the law applicable to universities at the time of the incident in *Khan* reveals not only that it does not help Jauregui, but that all of its reasoning fully supports plaintiffs' claims against Jauregui and Boye.

First, we note that the *Khan* incident involving alleged sexual misconduct occurred in 2015 (*id*. at 864), and there was a disciplinary proceeding for Mr. Khan in 2018 (*id*. at 861).  The incidents concerning plaintiffs Devin McCarthy and Oluwatomisin Olasimbo occurred in 2020 and the disciplinary hearings occurred in 2021.  (*See, e.g.*, Doc. 4,

_____

[1] At Yale, "UWC" was an abbreviation for "University-Wide Committee on Sexual Misconduct."  295 A.3d at 861.

Amended Complaint, ¶ 14 *et seq.*, ¶ 92A and ¶ 92B).

This distinction – before or after 2020 -- is no small matter.  As discussed in plaintiffs' brief in opposition to Jauregui's motion to dismiss, in 2020 there was a major change in the law, specifically in 34 C.F.R. 106.45, the regulation governing Title IX proceedings within colleges and universities.  See Doc. 20, pp. 10-18 (contrasting in great detail the differences between the 2020 Title IX Rule which governed the Title IX proceedings at Kings College in 2020 and 2021, with the prior rule, under which Yale University operated in *Khan* in 2018).  Thus, the applicable law in *Khan* and in this case at the college/university level was completely different.

Again, this was no small matter.  *Khan* identified five important factors to consider whether a proceeding is quasi-judicial, and determined that Yale's UWC failed with respect to the necessary factors:

> [W]e conclude that the UWC proceeding did not incorporate sufficient procedural safeguards to be considered quasi-judicial. Specifically, the UWC proceeding failed (1) to require complainants to testify under oath or to subject them to explicit and meaningful penalties for untruthful statements, (2) to provide Khan, or his counsel, the meaningful opportunity to cross-examine adverse witnesses in real time, (3) to provide parties a reasonable opportunity to call witnesses to testify, (4) to afford Khan the opportunity to have the active assistance of counsel during the UWC hearing, and (5) to provide Khan any record or transcript of the proceeding that would assist him in

obtaining adequate review of the UWC decision or to expose the legitimacy or fairness of the proceeding to public scrutiny. Although we do not maintain that all of these procedural features are required for our recognition of a quasi-judicial proceeding, we conclude that the collective absence of such features militates against a determination that the proceeding had adequate safeguards to ensure reliability and promote fundamental fairness.

295 A.3d at 879. In the pages that follow this summary in *Khan*, the Connecticut Supreme Court discussed the Yale proceeding and its failures.[2]

By way of contrast, in the present matter, Kings College was guided by and complied with the 2020 Title IX Rule. King's College went to great lengths to be fair to Mr. Boye, and complied in all respects with the 2020 Title IX Rule.[3] The King's College proceedings included: (1) testimony

_____

[2] In fairness to Yale University, it was operating in what some have considered the wild west of the now rescinded "Dear Colleague Letter," which did not establish firm requirements for such proceedings. Yale did not have the guidance – indeed the mandate – of the 2020 Title IX Rule, 34 C.F.R. 106.45.

[3] If Boye or Jauregui disagree, they can certainly make a summary judgment motion on any disputed facts.

In addition to the fact that the witnesses to the hearings will so testify that the safeguards discussed in *Khan* were in place (and we believe Boye and Jauregui will agree), we attach hereto the 2020 King's College Student Handbook. Its very extensive Title IX policy, including the procedural safeguards discussed herein, is at pages 176-219.

under oath or subject to penalties for untruthful statements;[4] (2) meaningful opportunity to cross-examine adverse witnesses in real time;[5] (3) a reasonable opportunity to call witnesses to testify;[6] (4) the opportunity to have active assistance of counsel during the hearing;[7] (5) a recording of the proceeding and opportunity to appeal adverse rulings.[8]

Thus, the applicable law in *Khan* was different and not protective of persons accused sexual misconduct. On the other hand, because it was the 2020 Title IX Rule which governed the King's College proceedings, King's knew the applicable law's more stringent requirements, and applied them.

*Khan*, therefore, is instructive. *Khan* showed what fails to be quasi-

---

[4] *See* King's College Student Handbook, p. 194 (item 22).

[5] *See* King's College Student Handbook, p. 212 (item 29).

[6] *See* King's College Student Handbook, p. 211 (item 25, second paragraph) ("Participants at the hearing will include … any called witnesses….").

[7] *See* King's College Student Handbook, p. 200 (item 5a) ("The advisor may be a … attorney…."). *See also See* King's College Student Handbook, p. 212 (item 29) (discussing questioning of witnesses by the advisor).

[8] *See* King's College Student Handbook, p. 216-218 (item 36), relating to the right to appeal. *See* King's College Student Handbook, p. 213 (item 31) (relating to the hearing being recorded for appeal purposes).

judicial, and the requirements to be quasi-judicial. Yale's and King's College's internal Title IX procedures serve as a nice contrast with each other. Because King's applied the stringent 2020 Title IX Rule with all its safeguards, that proceeding was indeed quasi-judicial.

Abuse of Process in a Quasi-Judicial Proceeding

In plaintiffs' briefs opposing Jauregui's motion to dismiss, including their brief in opposition to Jauregui's objections to Magistrate Judge Carlson's Report and Recommendation, plaintiffs discussed *Overall v. University of Pennsylvania,* 412 F.3d 492 (3d Cir. 2005), in which the Third Circuit ruled **in that case** that a university's private grievance proceeding was not quasi-judicial, explaining that "Pennsylvania cases finding quasi-judicial privilege consistently involve proceedings before federal, state, or local governmental bodies, ***or proceedings held pursuant to a statute or administrative regulation***." *Overall*, 412 F.3d at 497 (emphasis added). In *Overall,* the grievance proceeding was not pursuant to Title IX but instead the University's general "Faculty Grievance Procedure." *Id.* at 495. As explained above, the Title IX proceedings in this case were held pursuant to 34 C.F.R. § 106.45, an administrative regulation. Pursuant to the Third Circuit's reasoning, they were quasi-judicial in nature.

Since the prior briefing in this case, in a discussion of quasi-judicial

privilege, the Eastern District of Pennsylvania discussed *Overall,* and explained that "a Title IX investigation … is a 'proceeding held pursuant to a statute.'" *Manco v. St. Joseph's University*, No. 22-285, 2024 WL 299265, *11 (E.D. Pa. Jan. 25, 2024).[9]

In plaintiffs' brief in opposition to Jauregui's objections to the Report and Recommendation, plaintiffs referred to various Pennsylvania cases and to the Report and Recommendation which explained that in Pennsylvania the tort of abuse of process is interpreted broadly. (*See* Doc. 46, at 7-11).

Given that abuse of process is interpreted broadly in Pennsylvania, that the Third Circuit has explained that "proceedings held pursuant to a statute or administrative regulation" are quasi-judicial, and that "a Title IX investigation … is a 'proceeding held pursuant to a statute," the facts of this case fit neatly into the definition of, and constitute, abuse of process.

---

[9] *Manco* and other cases discussing what is "quasi-judicial" are frequently about whether privilege does or does not apply. But the concept is the same – if a proceeding is quasi-judicial, such that there is an actual, formal process, then that process is capable of abuse, as in the present case.

<u>Title IX Procedures at King's College</u>

The King's College Title IX procedures are discussed in detail, *supra*. Those procedures comply with the 2020 Title IX Rule, and are consistent with what *Khan*, *supra*, found to be necessary or important in determining if a proceeding is quasi-judicial.

<u>CONCLUSION</u>

King's College's proceeding were clearly quasi-judicial and capable of abuse. Within the *Khan* framework, the *Overall* framework, and Pennsylvania's law concerning the tort of abuse of process, the Amended Complaint states a claim. Jauregui's objections should be overruled.

DYLLER & SOLOMON, LLC

/s/ Barry H. Dyller, Esq.
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

Attorney for Plaintiffs