BARRY H. DYLLER, ESQ.*
THERON J. SOLOMON, ESQ.
CAELIE M. SWEIGART, ESQ.**
CHAD J. SWEIGART, ESQ.**
*Also admitted in NY
**Also admitted in NJ



DYLLER & SOLOMON, LLC

88 NORTH FRANKLIN ST.
WILKES-BARRE, PA
T: (570) 829-4860
F: (570) 825-6675
www.dyllersolomon.com

March 8, 2024

VIA ECF

The Honorable Julia K. Munley
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building &
U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18501

  RE: Debra McCarthy, et al. v. Raul Jauregui and Daniel Boye,
     3:21-cv-1759-JKM

Dear Judge Munley,

  I represent the plaintiffs in this matter. I am writing to request a status conference about a concerning issue.

  As a practical matter, I believe that one of the defendants, Daniel Boye, is unrepresented.  I am also concerned that Mr. Boye may be receiving guidance from his co-defendant Mr. Jauregui, despite a conflict of interest between them.  I write because it is my duty as an officer of the Court, and because it is plaintiffs' counsel's duty to ensure that there is no conflict of interest which would taint an eventual judgment in plaintiffs' favor.  *See Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984) (vacating a judgment in plaintiff's favor because of defense counsel's conflict of interest).[1]  The Court in *Dunton* chastised plaintiff's counsel for

---

[1] The Second Circuit amended its opinion in *Dunton*, but did not change its core holding or reasoning concerning conflict of interest or plaintiff's

not bringing the problem to the court's attention. *Id.*, at 909 ("The plaintiff's attorney should also have been aware of the problem and should have called it to the attention of the court. *See Estates Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 345 F.Supp. 93, 98 (S.D.N.Y. 1972) ("[T]hose attorneys representing other parties to the litigation were obligated to report relevant facts [regarding conflict of interest of opponent's attorney] to the Court ....")).

In the present case, Mr. Boye's counsel of record Ryan Anderson represented to me approximately one year ago that he was going to withdraw as Mr. Boye's counsel. Because he did not move to withdraw or take other action for Mr. Boye to have substitute counsel, I called and spoke with Mr. Anderson several weeks ago. Mr. Anderson again assured me that he was not representing Mr. Boye and would move to withdraw as counsel. I believed that Mr. Anderson was going to move to withdraw that very same day. Yet, no action has been taken by Mr. Anderson to withdraw.

Defendant Jauregui represents Mr. Boye in other matters in the Luzerne County Court of Common Pleas. But he has a clear conflict of interest in the present case. I am concerned that Mr. Boye is not being actively represented by Mr. Anderson, and that he is instead receiving his advice from Mr. Jauregui, with whom he has an active conflict of interest.[2]

---

counsel's responsibility. *See Dunton v. County of Suffolk*, 748 F.2d 69 (2d Cir. 1984).

[2] This would be consistent with Mr. Jauregui's attempt earlier in this case to have Mr. Jauregui's sister represent Mr. Boye. I pointed out the obvious conflict of interest in that instance (*see* Doc. 9), and Mr. Jauregui's sister chose not to enter an appearance.

To ensure the integrity of this case, I request that the Court hold a status conference to address this matter.

Thank you for your consideration.

Respectfully submitted,

/s/ Barry H. Dyller

cc: Ryan Anderson, Esq.
    Eugene Maginnis, Esq.