## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA McCARTHY,** | : | No. 3:21cv1759 |
| **DEVIN McCARTHY, and** | : | |
| **OLUWATOMISIN OLASIMBO,** | : | **(Judge Munley)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RAUL JAUREGUI and** | : | |
| **DANIEL BOYE,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is the report and recommendation ("R&R")

issued by United States Magistrate Judge Martin C. Carlson on June 2, 2023.

The R&R suggests granting in part and denying in part motions to dismiss

plaintiffs' amended complaint.  The R&R also recommends denying Defendant

Boye's motion for sanctions against plaintiffs' counsel.  Defendant Jauregui has

filed objections to the R&R.  The matter has been fully briefed and is ripe for

disposition.[1]

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7,
2023.

**Background[2]**

Plaintiff Devin McCarthy (hereinafter "Plaintiff Devin")[3] attended King's College in Wilkes-Barre, Pennsylvania in the fall of 2020.  She claims that in the early hours of August 30, 2020, Defendant Daniel Boye, another student at the college, engaged in sexual acts with her when she was heavily inebriated and unable to consent.  (Doc. 4, Am. Compl. ¶¶ 34-38).  Plaintiff Oluwatomisin Olasimbo resided in the dorm room next to Plaintiff Devin. She remained with Plaintiff Devin throughout the day of August 30, 2020 and took her to the hospital emergency room.  Testing at the hospital confirmed male DNA samples indicative of vaginal and anal penetration of Plaintiff Devin. (Id. ¶¶ 34-42).

Plaintiff Devin filed a complaint with King's College pursuant to Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* (Id. ¶ 43). [4]  The complaint alleged that Defendant Boye had sexually assaulted her. Plaintiff Debra McCarthy, Plaintiff Devin's mother, (hereinafter "Plaintiff Debra") requested that a Title IX investigation be undertaken.  (Id. ¶¶ 60-65).

---

[2] These brief background facts are derived from plaintiff's amended complaint. At this stage of the proceedings, the court must accept all factual allegations in the amended complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.
[3] Two of the plaintiffs, Debra and Devin McCarthy are mother and daughter.  For clarity we will refer to the daughter by her first name, Devin, and the mother by her first name, Debra.
[4] Title IX is a federal statute which protects people from discrimination based on sex in education programs or activities.  20 U.S.C. § 1681 et seq.

The college then conducted a Title IX proceeding including an investigation.  During the investigation, Defendant Boye admitted to engaging in sexual intercourse and oral sex with Plaintiff Devin at a time when he knew she was intoxicated.  (Id. ¶¶ 45-54).  Witnesses confirmed that Plaintiff Devin was intoxicated at the time of the incident whereas Defendant Boye was sober.  (Id. ¶¶ 55-59).

Defendant Boye hired Defendant Raul Jauregui, an attorney, to represent him in the Title IX proceedings.  (Id. ¶ 66).  Defendants then initiated a "baseless and retaliatory" Title IX counterclaim against Plaintiff Devin.  (Id. ¶ 67).  Upon the advice of Defendant Jauregui, Defendant Boye alleged in the counterclaim that he had been the victim of prolonged sexual violence perpetrated by Plaintiff Devin.  (Id. ¶¶ 68-70).

According to the instant amended complaint, the defendants tried to intimidate a potential witness in the Title IX proceedings, Plaintiff Olasimbo. This alleged intimidation took the form of a separate, baseless and retaliatory Title IX complaint filed against her as part of the King's College proceedings.  They asserted in this Title IX complaint that she had attempted to intimidate witnesses. (Id. ¶¶ 77-84).

Defendants further tried to intimidate Plaintiff Debra by filing a civil lawsuit in the Court of Common Pleas of Luzerne County asserting defamation.  The

defamation claim is based on an email Plaintiff Debra sent to King's College requesting that the college undertake a Title IX investigation into her daughter's alleged sexual assault.  (Id. ¶¶ 85-91).

Ultimately, the school rejected both Defendant Boye's Title IX counterclaim against Plaintiff Devin and the Title IX complaint against Plaintiff Olasimbo.  (Id. ¶ 92).  Instead, the college concluded that Defendant Boye had in fact sexually assaulted Plaintiff Devin and expelled him from college.  (Id.)  The defamation suit against Plaintiff Debra remains pending in the state court. (Doc. 42, Status Report).

Based upon these facts, plaintiffs initiated the instant lawsuit.  Plaintiffs' amended complaint raises the following six claims:

- Count 1 – Plaintiff Devin versus Daniel Boye for battery arising from the sexual assault;

- Count 2 – Plaintiffs Devin and Debra against both defendants asserting abuse of process regarding the Luzerne County cause of action;

- Count 3 – Plaintiff Devin versus both defendants for abuse of process regarding the Title IX counterclaim;

- Count 4 – Plaintiff Olasimbo versus both defendants for abuse of process regarding the Title IX witness intimidation complaint they lodged against her;

- Count 5 – Plaintiff Devin versus both defendants for intentional infliction of emotional distress; and

- Count 6 - Plaintiffs Devin and Debra assert a statutory claim for wrongful use of civil proceedings pursuant to the Pennsylvania Dragonetti Act, 42 PA. CONS. STAT. ANN. § 8351, *et seq.*, regarding the Luzerne County defamation action.

Both defendants filed motions to dismiss and Defendant Boye has filed a motion for sanctions against plaintiff's counsel. The R&R suggests denying the motions to dismiss except for Count VI of the complaint regarding the Dragonetti Act claim. The R&R also suggests denying the motion for sanctions. Defendant Jauregui has filed objections to the R&R, bringing the case to its present posture.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

Where no objections are lodged to portions of the R&R, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

The R&R addresses motions to dismiss filed by both defendants pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure.[5]  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The

---

[5] Defendant Boye's motion to dismiss also attacks the court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The R&R suggests denying that portion of the defendant's motion, and no objection has been filed to that recommendation.  Thus, the court need not review here the standard for a Rule 12(b)(1) motion.

plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint's allegations, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The R&R discusses the motions to dismiss each of the counts of the complaint and the issue of jurisdiction. The court will address each issue in turn, beginning with jurisdiction.

**A. Jurisdiction**

Defendant Boye's motion to dismiss raises, *inter alia*, the issue of whether this court has jurisdiction over plaintiffs' claims. The R&R addresses this issue

7

and concludes that the court has diversity jurisdiction. (Doc. 43, R&R at 14-18). No objections have been filed to this conclusion. Thus, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court finds no plain error or manifest injustice with regard to this issue, and the R&R will be adopted with regard to the analysis of jurisdiction.

## B. Count 1 – Battery

Count 1 of plaintiffs' amended complaint asserts a cause of action on behalf of Plaintiff Devin for battery against Defendant Daniel Boye. (Doc. 4, Am. Compl. ¶¶ 94-97). Defendant Boye moves to dismiss this claim. The R&R suggests denying the motion to dismiss Count 1. Defendant Boye has not objected to the R&R. The court may adopt a recommendation which has no objections where it finds no manifest injustice or plain error. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes. Having found no manifest injustice or plain error, the R&R will be adopted with regard to denying the motion to dismiss Count 1 of the Amended Complaint.

## C. Count 5 – Intentional Infliction of Emotional Distress

8

In Count 5 of the amended complaint, Plaintiff Devin asserts an intentional infliction of emotional distress ("IIED") claim against both defendants.  (Doc. 4, ¶¶ 114-115).  Plaintiff Devin alleges that "Defendants, by their extreme and outrageous conduct, intentionally or recklessly caused [Plaintiff Devin] to suffer severe emotional distress."  (Id. ¶ 115).  Defendants move to dismiss Count 5, but the R&R recommends denying the motion to dismiss this count.  Defendant Jauregui objects to this recommendation.  After a careful review, the court finds that the R&R should be adopted with regard to this count.

To establish an IIED claim, the plaintiff must prove the following:

(1) conduct that is extreme and outrageous;

(2) such conduct must be intentional or reckless;

(3) the conduct must cause emotional distress; and

(4) that distress must be severe.

Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. Ct. 1997).

Here, the R&R sets forth the IIED facts as follows:  "[Defendant] Boye caused an obviously intoxicated and incapacitated Devin McCarthy to be lured back to his dorm room where he repeatedly engaged in sex acts without her consent.  It is then alleged that [Defendant] Boye, and his counsel [Defendant] Jauregui, fabricated what they knew to be a false account, claiming that [Defendant] Boye's victim had, in fact, sexually abused [him] in the past in an

9

attempt to dissuade her from pursing this rape allegation." (Doc. 43, R&R at 24). Such claims of sexual misconduct are sufficiently outrageous to support a claim for IIED according to the R&R, and neither defendant objects to that conclusion. The court finds no plain error or manifest injustice and thus will adopt the recommendation that the claims are sufficient to establish IIED.

Defendant Jauregui, who is sued for actions taken as Defendant Boye's attorney, argues that the tort of IIED "was never meant to apply to attorneys representing their client's interests. . . . [T]o subject counsel to a claim for [IIED] for stating his client's position is simply not what the tort envisions." (Doc. 45-1, Def. Jauregui's Br. in Supp. of Obj. at 4).

Defendant Jauregui has cited to no legal authority that an attorney is generally immune from the tort of intentional infliction of emotional distress. In fact, the law provides that if an attorney acts maliciously and commits an intentional tort, he may be personally liable for damages to a third person. Smith v. Griffiths, 476 A.2d 22, 26 (Pa. Super. Ct. 1984). The amended complaint alleges that Defendant Jauregui advised Defendant Boye to manufacture sexual assault allegations against Plaintiff Devin to intimidate her and cause her to drop her Title IX complaint. (Doc. 4, Am. Compl. ¶¶ 67-68). The amended complaint further alleges that he advised Defendant Boye to manufacture allegations of defamation against Plaintiff Debra to retaliate against Plaintiff Devin and to

10

intimidate her into dropping her complaint.  (Id. ¶¶ 85, 88-91).  For purposes of a
motion to dismiss, these claims are sufficient to state a claim of IIED against
Defendant Jauregui.  Whether such claims will actually be proven is not an
appropriate issue at this point in the proceedings.  Accordingly, Defendant
Jauregui's objection on this point will be overruled and the IIED claim will not be
dismissed.

## D.  Abuse of Process/Wrongful Use of Civil Litigation Counts

The amended complaint's remaining counts all deal with claims based
upon either the tort of abuse of process or wrongful use of civil litigation.  The
R&R and the briefing in this matter delve into issues that the court finds
unnecessary to examine for disposition of the motions to dismiss.  Thus, before
addressing the counts individually, the court will provide a short explanation of
the two torts and the differences between them.

The tort of wrongful use of civil proceedings has been codified in a
Pennsylvania statute known as the Dragonetti Act, 42 PA. CONS. STAT. ANN. §
8351, *et seq.*, which provides as follows:

**§ 8351. Wrongful use of civil proceedings**

(a) Elements of action.—A person who takes part in the procurement,
initiation or continuation of civil proceedings against another is subject
to liability to the other for wrongful use of civil proceedings:
(1) He acts in a grossly negligent manner or without probable cause
and primarily for a purpose other than that of securing the proper

discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 PA. CONS. STAT. ANN. § 8351(a)(1)-(2).

Thus, a cause of action for wrongful use of civil proceedings involves the improper procurement, initiation or continuation of a lawsuit.  Id.  To prevail on such a claim, a plaintiff must establish that: "1) the underlying proceedings were terminated in their favor; 2) defendants caused those proceedings to be instituted against plaintiffs without probable cause; and 3) the proceedings were instituted primarily for an improper cause."  Sabella v. Estate of Milides, 992 A.2d 180, 188 (Pa. Super. Ct. 2010).

The tort of "abuse of process" is separate and distinct from the tort of wrongful use of civil proceedings and does not involve *instituting* a civil proceeding.  Under Pennsylvania law, "[t]he tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.' "  Rosen v. Am. Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. Ct. 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 682).  The following three elements must be established in an abuse of process claim "that the defendant: (1) used legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff."  Id.

12

The Restatement (Third) of Torts, explains that "[t]he word 'process' . . . does not refer to the legal process generally.  It refers to process in the more specific sense of the word familiar to lawyers: the instruments by which courts assert their jurisdiction and command others to appear, act, or desist.  In short, 'process' generally means orders that are issued by courts at the behest of one of the parties, or that are otherwise backed by judicial authority."  RESTATEMENT (THIRD) OF TORTS – LIABILITY FOR ECONOMIC HARM , § 26 Comment b.

Pennsylvania law provides a broad definition as to what is legal process. Rosen, 627 A.2d at 192.  Such process includes discovery proceedings, noticing of depositions and issuing subpoenas.  Id.

Abuse of process and wrongful use of civil proceedings are thus different torts, one dealing with the initiation of the proceedings and the other dealing with the use of process in the course of those proceedings.  The Pennsylvania Superior Court has described the difference as follows:

> "An action for wrongful use of civil proceedings differs from an action for abuse of process." Hart v. O'Malley, 436 Pa.Super. 151, 647 A.2d 542, 546 (1994). "The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it. Malicious use of civil process has to do with the wrongful initiation of such process." Rosen v. American Bank of Rolla, 426 Pa.Super. 376, 627 A.2d 190, 192 (1993) (internal citations omitted). "Wrongful use of civil proceedings is a tort which arises when a person institutes civil proceedings with a malicious motive and lacking probable cause." Id. at 191.

Sabella v. Estate of Milides, 992 A.2d 180, 187-88 (Pa. Super. Ct. 2010).

Pennsylvania courts have further explained the difference between the two causes of action. An abuse of process claim cannot be based on the wrongful initiation of proceedings but is based on a perversion of the legal process after it is initiated. Greenberg v. McGraw, 161 A.3d 976, 990-91 (Pa. Super. Ct. 2017); Hart v O'Malley, 647 A.2d 542 (Pa. Super. Ct. 1994); Rosen v. Tesoro Petroleum Corp., 582 A.2d 27, 32–33 (1990) (explaining that "abuse of civil process is concerned with a perversion of a process after it is issued" and, as a consequence, "find[ing] that [the] appellants have failed to state a claim for abuse of process, as the allegations in their complaint amount to no more than a charge for the initiation of litigation for a wrongful purpose, and do not charge [the] appellees with any 'perversion' of properly issued process") (citation omitted)).

Put succinctly, the tort of wrongful use of civil proceedings involves allegations regarding the improper initiation of litigation while the tort of abuse of process involves the improper use of process in that litigation after it has been initiated. Bearing these tenets in mind, the court turns its attention to the remaining counts of the complaint.

### 1. Count 3 - Abuse of Process

Count 3 of plaintiffs' amended complaint asserts a cause of action for "abuse of process" by Plaintiff Devin versus all defendants. (Doc. 4, ¶¶ 103-07). This count avers: "Defendants used legal process against Devin McCarthy,

14

specifically the counterclaim within the King's College Title IX proceeding. ... This Legal process by defendant was designed and used to attempt to intimidate Devin McCarthy into abandoning her King's College Title IX proceeding against Boye and to protect Boye from potential criminal charges. ... Defendants Boye's and Jauregui's purpose in using such legal process was primarily to accomplish a purpose for which it was not designed." (Id. ¶¶ 104-07).

Defendants seek dismissal of this cause of action on the basis that a claim or complaint lodged under Title IX is not "legal process" upon which an abuse of process claim can be based. Plaintiffs, on the other hand, maintain that an abuse of process claim related to a Title IX proceeding is appropriate. The R&R recommends denying the motions to dismiss Count 3. After a careful review, the court will not adopt the R&R on this point.

Here, plaintiffs do not allege a proper "legal process" so as to support a cause of action for abuse of process. The "process" that they claim is a counterclaim in a Title IX proceeding. As noted above, the term "process" as used in the tort of abuse of process includes such things as discovery proceedings, noticing of depositions and issuing of subpoenas. See e.g., Rosen, 627 A.2d at 192. A counterclaim is not an order issued by the court at the behest of one of the parties or backed by judicial powers such as a subpoena. It is not a noticing of a deposition or other discovery proceeding.

15

The plaintiffs have cited to no cases, and the court's review has found none, which indicate that a "counterclaim" is legal process upon which an abuse of process claim can be brought.  In fact, a counterclaim is considered the procurement or initiation of a civil proceeding. See, e.g., Krisa v. Equitable Life Assur. Soc., 109 F. Supp. 2d 316, 322 (M.D. Pa. May 23, 2000).  As noted above, the procurement or initiation of a civil proceeding may give rise to a wrongful use of civil proceeding cause of action under Pennsylvania law, rather than a cause of action for abuse of process.  Accordingly, Count III of the amended complaint alleging abuse of process based upon the counterclaim filed by Defendant Boye in the Title IX proceeding will be dismissed.[6]

## 2. Count 4 – Abuse of Process

Count 4 of plaintiffs' amended complaint raises an abuse of process claim on behalf of Plaintiff Oluwatomisin Olasimbo against the defendants regarding the Title IX witness intimidation complaint they lodged against her.  The R&R recommends denial of the motions to dismiss this count.  The court will not adopt the R&R with regard to Count 4.

---

[6] The parties and the R&R discuss extensively whether a Title IX proceeding is a "quasi-judicial" proceeding upon which an abuse of process claim can be made.  But because an abuse of process claim cannot be based upon a counterclaim, the court need not decide whether an abuse of process claim can generally be brought based on a Title IX proceeding.

16

The issue here is similar to Count 3.  A complaint, like a counterclaim, involves the initiation of a proceeding.  Thus, a complaint is not "legal process" for purposes of an abuse of process claim.  For the reasons set forth above discussing abuse of process and wrongful use of civil proceedings, this count will be dismissed.[7]

### 3. Count 2 - Abuse of Process

As noted above, Defendants filed a civil lawsuit for defamation in the Luzerne County Court of Common Pleas against Plaintiff Debra.   In Count 2 of the amended complaint, Plaintiffs Debra and Devin assert a cause of action against both defendants for "abuse of process" regarding the Luzerne County lawsuit filed against Plaintiff Debra.  Plaintiffs allege that the defendants filed the Luzerne County case for an illicit purpose, that is to dissuade Plaintiff Debra's daughter, Plaintiff Devin, from pursuing her Title IX claim. (Doc. 4, Am. Compl. ¶¶ 98-102).  Defendants have moved to dismiss Count 2.

Defendant Boye generally argues that the count should be dismissed because it does not present a proper "abuse of process" claim.  The only legal process mentioned in the plaintiff's amended complaint is the complaint filed in the Luzerne County Court of Common Pleas.  According to Defendant Boye, an

---

[7] Again, the court need not address whether a Title IX proceeding may give rise to an abuse of process claim as a proper abuse of process claim has not been alleged.

abuse of process claim cannot be brought based merely upon a complaint. Additionally, both defendants argue that Count 2 should be dismissed specifically as to Plaintiff Devin because she is not a party to the Luzerne County lawsuit. The R&R suggests denying the motions to dismiss with regard to Count 2.  The court will not adopt that recommendation.

Count 2's claim of abuse of process contains a fatal flaw as it deals merely with the filing of the complaint, not perverting the litigation process after the filing of the complaint. See Greenberg, 161 A.3d at 990-991. Accordingly, the abuse of process claim found in Count 2 will be dismissed as it is based upon the filing of a complaint and not based upon legal process filed after the commencement of the litigation.[8]

### 4. Count 6- Wrongful Use of Civil Proceedings

Count 6 of the Amended Complaint asserts a statutory cause of action by Plaintiffs Devin and Debra against the defendants for wrongful use of civil proceedings under 42 PA. CONS. STAT. § 8351 ("the Dragonetti Act") regarding the Luzerne County defamation action filed by the defendants. (Doc. 4, Am. Compl. ¶¶ 116-121).

---

[8] Because the court finds that the count should be dismissed on the basis that it does not properly assert an abuse of process claim, the issue of whether a non-party can bring an abuse of process claim need not be addressed.

18

The R&R notes when such a claim is brought, the plaintiff must have prevailed on the underlying state court action. Here, all parties conceded that the underlying state court action has not yet been resolved; therefore, granting the motion to dismiss Count 6 is appropriate. (Doc. 43, R&R at 19-20).

No parties have objected to this recommendation. The court finds no manifest injustice or plain error; therefore, the R&R will be adopted with regard to granting the motion to dismiss Count 6 of the Amended Complaint. See FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

## E. Sanctions

Defendant Boye filed a motion for sanctions against plaintiffs' counsel for pursuing what Defendant Boye regards as false and meritless claims. The R&R recommends denying this motion. (Doc. 43, R&R at 33). Defendant Boye has not filed any objections to this recommendation. The court finds no manifest injustice or plain error; therefore, the R&R will be adopted regarding the denial of the motion for sanctions. See FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation");

19

see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir.

1983).

**Conclusion**

For the reasons set forth above Magistrate Judge Carlson's R&R will be

adopted in part and not adopted in part.  The motions to dismiss will be denied in

part and granted in part.  They will be granted with regard to Counts 2, 3, 4 and

6.  They will be denied with regard to the jurisdictional issue; Count 1, battery and

Count 5, IIED.   The motion for sanctions against plaintiff's counsel will be

denied.  Thus the only remaining claims in this case will be Count 1, battery and

Count 5, IIED.  The sole remaining plaintiff will be Plaintiff Devin McCarthy.  An

appropriate order follows.


Date: 3/27/24

JUDGE JULIA K. MUNLEY
United States District Court

20