**In the UNITED STATES DISTRICT COURT
for the MIDDLE DISTRICT of PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBRA MC CARTHY** | : | |
| and | : | CIVIL ACTION |
| **DEVIN MC CARTHY** | : | |
| and | : | NO. 21-CV-01759-RDM |
| **OLUWATOMISIN OLASIMBO** | : | |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| **RAUL JAUREGUI** | : | JURY TRIAL DEMANDED |
| and | : | |
| **DANIEL BOYE** | : | |
| *Defendants* | : | |

**DEFENDANT RAUL JAUREGUI'S ANSWER TO PLAINTIFFS'
AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant Raul Jauregui, by and through his counsel, Dugan, Brinkmann, Maginnis and Pace, hereby answers Plaintiffs' Amended Complaint as follows:

1. Denied. This paragraph constitutes conclusions of law to which no responsive pleading is required.

2. Denied. This paragraph constitutes conclusions of law to which no responsive pleading is required.

3. Denied. This paragraph constitutes conclusions of law to which no responsive pleading is required.

4. Denied as stated. Answering defendant does not know the domicile of Ms. McCarthy.

5. Debra McCarthy is no longer a party to this litigation.

6. Oluwatomisin Olasimbo is no longer a party to this litigation.

7. Admitted.

8. Denied as stated. Boye was expelled under an erroneous finding that breached his contract with King's College.

9. Admitted.

10. Denied as stated. Ms. McCarthy and Boye had an intimate partnership that included several instances of sexual encounters.

11. Denied as stated. Mr. Boye told Ms. McCarthy he did not consent to her infliction of pain on him during several sexual encounters, which Ms. McCarthy admitted to in a hearing transcript.

12. Denied as stated. Ms. McCarthy stopped speaking with him.

13. Denied as stated. Answering defendant does not have sufficient information to answer this allegation.

14. Admitted.

15. Denied as stated. Answering defendant does not have such information.

16. Denied as stated. The amount of alcohol which Ms. McCarthy consumed is at issue in this case. Ms. McCarthy has provided conflicting testimony regarding the amount of alcohol which she consumed on that night.

17. Denied as stated. Answering defendant does not know when she left the party.

18. Denied as stated. The actions by Ms. McCarthy on video seem to indicate she knew what she was doing.

19. Denied as stated, however, there should be a video which should confirm this time.

20. Answering defendant does not have information in this regard.

21. Denied. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

22. Denied as stated. The actions of Ms. McCarthy on video seem to indicate she knew what she was doing.

23. Denied as stated. Answering defendant believes that Ms. McCarthy went to the apartment to have sex with Colby Spencer.

24. Answering defendant believes this allegation to be true.

25. Denied as stated. Answering defendant believes that Ms. McCarthy and Colby Spencer were having sex when Boye entered the room.

26. Denied. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

27. Denied. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

28. Denied as stated. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

29. Admitted that Ms. McCarthy and Spencer left the room because Mr. Boye directed them to do so; a direction they both understood and agreed with because they were not incapacitated.

30. Denied as stated. The video speaks for itself. Spencer fell, but Ms. McCarthy did not fall in the video which answering defendant viewed. Answering defendant does not know what the texts state and therefore cannot sufficiently respond to this paragraph. Mr. Boye did not send those texts. Moreover, Answering defendant believes that those texts do not exist anymore and were never part of any investigative file at Kings College.

31. Denied as stated. The security camera footage speaks for itself.

32. Admitted that Ms. McCarthy and Spencer entered the room.

33. Denied as stated. Answering defendant cannot read the mind of Ms. McCarthy, however, Ms. McCarthy seems to be the one leading Spencer into the room.

34. Denied. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

35. Denied as stated. Answering defendant understands that Boye handed her a t-shirt.

36. Admitted. By way of further answer Exhibit "A" shows the events alleged in this paragraph and speaks for itself.

37. Denied as stated. The security camera footage speaks for itself.

38. Denied as stated. Ms. McCarthy stated: "I think I fucked Danny."

39. Denied. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

40. Denied. After reasonable investigation, answering defendant is without sufficient knowledge to respond to this allegation. Proof thereof is demanded at the time of trial.

41. Denied as stated. Answering defendant understands that Ms. McCarthy never mentioned Boye's name to the nurse. Furthermore, answering defendant was not at the hospital so he does not have this information.

42. It is understood that Geisinger tested for drugs, alcohol and a rape kit. The drugs and alcohol report stated 0 drugs and 0 alcohol.

43. Denied as stated. Answering defendant is unable to admit or deny the order, timing, or processes related to these allegations.

44. Admitted.

45. Admitted.

46. Denied as stated. Answering defendant believes that Boye never discussed with non party student #1 as alleged here.

47. Denied as stated. Answering defendant has not viewed the texts referred to in this paragraph.

48. Denied as stated. Answering defendant understands that Boye did not think that Ms. McCarthy was incapacitated at the time of their consensual sexual activity and that she knew what was going on.

49. Boye admits to having consensual sex with Ms. McCarthy.

50. Denied as stated. Answering defendant does not believe any sitting on her chest and thrusting occurred.

51. Boye admitted to having consensual sex with Ms. McCarthy.

52. Boye admits to consensual sexual activity with Ms. McCarthy.

53. Boye admits to consensual sexual activity with Ms. McCarthy.

54. Denied as stated. Answering defendant understood that Ms. McCarthy seemed fine to Boye. See interview transcript.

55. Admitted.

56. Denied as stated. Answering defendant understands that Santiago later corrected that "super drunk" to mean that she was drunk but not incapacitated.

57. Denied as stated. Answering defendant understands that Ms. McCarthy never had a "black out" period while she was with Boye. He is not aware of other black out periods.

58. Denied as stated. There was no admissible scientific evidence as to who was sober and not sober during that night.

59. Denied as stated. Any statement obtained by Kopenis speaks for itself.

60. Mr. McGonigle has retired.

61. Denied as stated. Kings College's 2020 procedure to file reports of on campus sexual assault speaks for itself.

62. Admitted.

63. It is understood that Debra McCarthy emailed Robert McGonigle. The email speaks for itself.

64. Denied as stated. The email speaks for itself.

65. Denied as stated. The email speaks for itself.

66. Admitted that Boye retained Attorney Raul Jauregui. Answering defendant does not know to what the Amended Complaint meant when it states: "the above-detailed admissions."

67. Denied. This paragraph constitutes a conclusion of law to which no responsive pleading is required. Answering defendant never advised Boye to file any baseless and retaliatory Title IX counterclaim.

68. Denied. This paragraph constitutes a conclusion of law to which no responsive pleading is required. By way of further answer, answering defendant never advised Boye to file anything without basis, or intending to retaliate, delay, or intimidate.

69. Denied. This paragraph constitutes a conclusion of law to which no responsive pleading is required.

70. Denied. This paragraph constitutes a conclusion of law to which no responsive pleading is required.

71. Admitted.

72. Denied as stated. Answering defendant understands that Ms. McCarthy never *physically* threatened Boye, however, she did inflict pain upon Boye during sexual encounters

which he requested that she stop. Likewise, Ms. McCarthy did threaten and intimidate Mr. Boye with social opprobrium and ridicule through statements about his body.

73. Denied as stated. She would stop that time, but days later inflict the pain again.

74. It is admitted that Ms. McCarthy and Boye engaged in consensual sex.

75. Denied.

76. Denied. It is denied that answering defendant or Mr. Boye attempted to intimidate Ms. McCarthy.

77. Denied. This paragraph constitutes a conclusion of law to which no responsive pleading is required. Answering defendant never advised Boye to file a baseless and retaliatory Title IX Complaint.

78. Admitted.

79. Denied as stated. The Amended Complaint, being in writing, speaks for itself.

80. It is denied that Boye engaged in any retaliatory smear campaign. By way of further answer, it was Sidney Ryan who requested and obtained a no-contact order to protect herself from Devin McCarthy and Oluwatomisin Olasimbo.

81. Denied. Any texts, being in writing, speak for themselves.

82. Denied as stated. The text speaks for itself and interview testimony speaks for itself.

83. Denied as stated. Any statements, being in writing, speak for themselves.

84. Denied as stated. The texts and interview testimony, being in writing, speak for themselves.

85. Denied as stated. This paragraph constitutes a conclusion of law. Answering defendant never filed any baseless and retaliatory lawsuit.

86. Admitted.

87. Denied as stated. The lawsuit, being in writing, speaks for itself.

88. Denied. This paragraph constitutes conclusions of law. By way of further answer, the lawsuit, being in writing, speaks for itself.

89. Denied. This paragraph constitutes conclusions of law to which no responsive pleading is required. By way of further information, there was no baseless lawsuit.

90. Denied. It is specifically denied that there was any motive to retaliate or intimidate and the lawsuit was not baseless.

91. Denied. It is denied that answering defendant attempted to intimidate Ms. McCarthy.

92. Denied as stated.

A. Denied as stated. Answering defendant is without knowledge of Kings College's reasoning to dismiss this complaint but assumes it was in part motivated by Devin McCarthy's complaint against Kings College with the Department of Education.

B. Denied as stated. Answering defendant filed no frivolous lawsuit.

C. Denied as stated. This case has settled and the discontinuance on the docket speaks for itself.

By way of further answer, Answering Defendant states that Kings College does not make "findings".

93. Denied. This paragraph constitutes conclusions of law to which no responsive pleading is required.

## COUNT ONE

### Battery vs. Debra McCarthy vs. Daniel Boye

94. Answering defendant incorporates by reference as though fully set forth herein, his answers to paragraphs #1 through #93 above.

95.-97. Denied as stated. These paragraphs refer to a party other than answering defendant and no response is therefore required.

## COUNT TWO

98.-102. This count has been dismissed.

## COUNT THREE

103.-107. This count has been dismissed.

## COUNT FOUR

108.-113. This count has been dismissed.

## COUNT FIVE

114. Answering defendant incorporates by reference as though fully set forth herein, his answers to paragraphs #1 through #113 above.

115. Denied. This paragraph constitutes conclusions of law to which no responsive pleading is required.

## COUNT SIX

116.-121. This Count has been dismissed.

WHEREFORE, answering defendant requests this Honorable Court to dismiss the Amended Complaint filed against him and to grant such other and further as may be just an appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to set forth a valid cause of action with respect to Count Five.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to equitable relief because they come to this matter with unclean hands.

Dugan, Brinkmann, Maginnis and Pace

By: /s/Eugene J. Maginnis, Jr.
EUGENE J. MAGINNIS, JR.
Attorney I.D. No. 23692
DUGAN, BRINKMANN, MAGINNIS AND PACE
9 Presidential Blvd., Ste. 100
Bala Cynwyd, PA 19004
215-563-3500 (Tel.)
215-563-5610 (Fax)
Email: ejmaginnis@dbmplaw.com

Date : December 30, 2024

# EXHIBIT "A"



