IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN MCCARTHY, | : Civil No. 3:21-CV-1759 |
| | : |
| Plaintiff, | : (Judge Munley) |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| RAUL JAUREGUI, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

Pending before the court is a request to obtain copies of the parties' confidential settlement memorandum.[1] For the reasons stated below, the request will be denied.

The above-captioned action was referred to the undersigned for the purpose of conducting a settlement conference.[2] On December 13, 2024, the Court issued a Scheduling Order setting a conference for January 3, 2025, and directing the parties to submit confidential settlement memorandum setting forth the parties' assessment of the case and settlement recommendations via email.[3] On January 3, 2025, the parties

---

[1] Doc. 83.

[2] Doc. 69.

[3] Doc. 75.

reached settlement and the Court ordered dismissal of the matter.[4] Defendant Raul Jauregui now seeks to obtain the confidential settlement memorandum submitted in preparation of the conference.[5] Defendant Daniel Boye filed an objection to the request arguing that the memoranda should not be disclosed as they are confidential.[6]

There is a longstanding public interest in encouraging settlement and maintaining the confidentiality of negotiations made in furtherance of settlement.[7] Indeed, "[f]or settlement negotiations to be fruitful, parties 'must be able to make hypothetical concessions, offer creative quid pro quos, and generally make statements that would otherwise belie their litigation efforts.'"[8] This public interest is also reflected in Federal Rule of Evidence 408, which prohibits the admission of settlement

---

[4] Docs. 79-80.

[5] Doc. 83.

[6] Doc. 84.

[7] *Cambria Co. LLC v. Hirsch Glass Corp.*, Civ. No. 21-10092, 2023 WL 6387680, at *4 (D.N.J. Sept. 29, 2023) (citing *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also U.S. ex rel. Underwood v. Genentech, Inc.*, Civ. No. 03-3983, 2010 WL 8917474 (E.D. Pa. Oct. 7, 2010).

[8] *Cambria Co. LLC*, 2023 WL 6387680, at *4 (quoting *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003)).

negotiations when made "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."[9] As stated by the Third Circuit Court of Appeals, the "policy behind Rule 408 is to encourage freedom of discussion with regard to compromise."[10] Accordingly, "information exchanged during discussions held for the purpose of settlement should be kept confidential."[11]

Here, Jauregui requests a copy of "all submissions that the parties provided" to the undersigned in preparation of the January 3, 2025 settlement conference without explanation. Considering the strong public interest in the confidentiality of settlement negotiations and Jauregui's failure to proffer any basis for disclosure, we will DENY his request for copies of the parties' confidential settlement memorandum.

So ordered this 5th day of January 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[9] Fed. R. Evid. 408.

[10] *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995)

[11] *Cambria Co. LLC*, 2023 WL 6387680, at *5.